IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN DEIST<br><br>      Plaintiff,<br>v.<br><br>BOROUGH OF NORTHAMPTON PENNSYLVANIA,<br>also known as, BOROUGH OF NORTHAMPTON<br><br>      Defendant. | No.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Glenn Deist files this Complaint against Defendant Borough of Northampton Pennsylvania, also known as, Borough of Northampton, and in support thereof avers as follows:

### **Jurisdiction and Venue**

1.      The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction of Counts I and II of this Complaint, which are based upon a law of the United States of America, the Age Discrimination in Employment Act, 29 U.S. C. §621 ("ADEA").

2.      Plaintiff requests a trial by jury of the claims raised herein.

3.      Venue is appropriate in this Court pursuant to 28 U.S. C. §1392(b) in that Defendant resides in this District and has ongoing business operations in this District, and Plaintiff resides and worked within this District, and the events giving rise to the claim occurred in this District.

4.      The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

5.      Plaintiff has complied with the applicable administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC"), on April 10, 2020,

1

EEOC Charge no. 530-2020-03633; and simultaneously dual filing a Complaint with the Pennsylvania Human Relations Commission ("PHRC") (Case number unknown); and thereafter, following the constructive discharge of Plaintiff's employment, filing EEOC Charge no. 530-2021-01429; and simultaneously dual filing a Complaint with the PHRC.

6.  On January 5, 2021, the EEOC notified Plaintiff that it administratively closed Plaintiff's ADEA claim outlined in EEOC Charge no. 530-2020-03633. On January 15, 2021, the EEOC notified Plaintiff that it administratively closed Plaintiff's ADEA claim outlined in EEOC Charge no. 530-2021-01429. As such, Plaintiff is filing his ADEA claims in this action.

7.  Plaintiff intends to amend this Complaint and assert causes of action under the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADA").  On January 6, 2021 and January 15, 2021, the EEOC advised Plaintiff that as Defendant is a state or local agency, the United States Department of Justice ("DOJ") will issue the Notices of Right to Sue for Plaintiff's ADA claims and that the EEOC has forward Deist's Charges to the DOJ for action.

8.  Plaintiff also intends to amend this Complaint and assert causes of action under the Pennsylvania Human Relations Act, 43 P. S. §955(a) ("PHRA") upon receipt of applicable authority from the PHRC.

**Parties**

9.  Plaintiff Glenn Deist ("Deist") resides at 678 South Cottonwood Road, Walnutport, PA 18088 (Northampton County).

10.  Defendant Borough of Northampton Pennsylvania, also known as Borough of Northampton ("the Borough"), is a borough located in Northampton County in the

Commonwealth of Pennsylvania, which maintains a principal place of business at 1401 Laubach Avenue, Northampton, PA 18067.

11. At times, the Borough has received funds from the United States of America federal government.

12. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, in the course of their employment, and under the direct control of Defendant.

**Factual Background**

13. Deist is a 68-year-old male.

14. Deist was employed by the Borough's police department for over 32 years.

15. Deist was last employed as a Detective, earning an annual salary of $77,416.00, plus employment benefits, including employer-paid medical insurance coverage for himself and his spouse, as well as a pension based on the highest paid three years of annual salary.

16. The Borough employs 45-50 employees.

17. The Borough police department has approximately twelve (12) full time officers and five (5) part time officers.

18. On or about March 2010, Deist was appointed as a Detective.

19. From on or about March 2010 to December 31, 2017, Deist's duties did not require Deist to work on the road one (1) day per week.

20. On September 22, 2017, Bryan Kadingo ("Kadingo") was appointed as the Borough's Chief of Police.

21. Effective, January 3, 2018, shortly after becoming Chief of Police, Kadingo changed Deist's duties, requiring Deist to be on the road one (1) day per week.

22. Kadingo's intent in changing Deist's duties to include being on the road one day per week was an attempt to start pushing Deist to retire and replace Deist with a younger employee.

23. Following January 3, 2018, Deist's work duties were strictly limited to detective duties during four (4) out of five (5) days of his typical work week.

24. In performing detective duties, Deist rarely ever had to lift more than 20 pounds.

25. One (1) day per week, in addition to detective duties, Deist had backup patrol officer responsibilities, which on occasion, could require him to lift more than 20 pounds.

26. Deist has a history of back issues that originally required surgery in 2001, and a spinal stenosis procedure in 2015.

27. In 2019, Deist's back condition deteriorated, which caused Deist to take a medical leave from work, commencing August 30, 2019, and thereafter, back surgery on September 14, 2019.

28. As a consequence of the recuperative period from the back surgery, Deist was hospitalized for three (3) nights.

29. Deist then commenced a physical therapy regimen that required Deist to take a medical leave of absence from work.

30. On or about January 22, 2020, after a follow-up appointment with his surgeon, Deist informed Kadingo that he would most probably be returning to work with restrictions, and Kadingo, replied, "Not gonna happen. You must come back with no restrictions."

31. On March 4, 2020, Deist had a physical examination performed by his surgeon, who determined that as of March 9, 2020, Deist could return to work on a light duty basis with a maximum lifting restriction of 20 pounds.

32. A Physician's Report of Return to Work, outlining the light duty restriction was presented to Leroy Brobst ("Brobst"), Borough Manager; and Police Chief Kadingo.

33. When presented with the Physician's Report of Return to Work requesting a reasonable accommodation for light duty, Borough Manager Brobst suggested to Deist that he should retire.

34. The Borough refused to permit Deist to return to work with the light duty restriction.

35. The refusal to provide the reasonable accommodation of light duty work has caused Deist substantial damages.

36. As of April 1, 2020, Deist lost paid medical coverage for himself and his wife under the Borough's agreement with the police union.

37. While Deist could have been working full-time as of March 9, 2020, and earning his full salary, Deist was left with no choice but to receive disability pay equal to two-thirds (66.67 %) pay for the six (6) month beginning April 1, 2020 through September 30, 2020.

38. As of October 1, 2020, Deist was not able to receive any disability pay.

39. As the Borough refused to accommodate Deist and he was no longer entitled to disability pay, as of October 1, 2020 Deist had to retire from the Borough.

40. When Deist commenced leave as of September 5, 2019, Chief of Police Kadingo appointed Joe Kicska ("Kicska") (approximate age: 55), who was formerly as patrolman to Detective to temporarily assume Deist's duties.

41. Following the termination of Deist's employment Deist was replaced as Detective on a permanent basis by Kicska who is substantially younger than Deist.

42. Detective Kicska is not required to work on the road and has solely been assigned detective work.

43. The Borough has adopted a policy by which generally, police officers are required to wear safety vests that exceed 20 pounds.

44. During the past two (2) years or more, the Borough has permitted Ryan Grube, a patrol officer (approximate age: 36), not to wear his safety vest, due to a medical condition, as a reasonable accommodation.

45. In September 2020, the Borough hired two (2) new police officers, Brandon Reph (approximate age 30) and Emanuel Torres (approximate age: 29).

46. The Borough's actions toward Deist were taken to force Deist to be left with no choice but to retire from his employment with the Borough and replace him with a substantially younger employee.

47. The Borough has discriminated against Deist based on his age, in that the Borough has provided the same reasonable accommodation that Deist requested to a similarly situated patrol officer in the police department, Ryan Grube, who is substantially younger than Deist.

48. The Borough has also discriminated against Deist based on his age by replacing Deist as Detective with Kicska and hiring a younger police officer to assume Kicksa's former duties.

49. The Borough has also engaged in an orchestrated plan to discriminate against Deist based upon his disability and retaliated against Deist for requesting a reasonable accommodation.

50. The Borough's proffered reasons for its treatment of Deist is pretextual; as the Borough had discriminatory motives based upon Deist's age, health, a perception that Deist is permanently disabled, and his request for a reasonable accommodation.

51. The Borough's actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

52. Deist has incurred substantial damages due to the Borough's termination of his employment.

## COUNT I

## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

## 29 U. S. C. § 621 et. seq.

53. Paragraphs 1 to 52 are incorporated herein by reference, as if set forth in full.

54. The Borough has treated Deist differently than a substantially younger employee and employed a substantially younger employee to perform Deist's duties, thereby discriminating against Deist based upon his age in violation of the ADEA.

55. The Borough's actions towards Deist were arbitrary and capricious, and based on a discriminatory animus towards older employees in the workplace.

56. The Borough's actions are per se unlawful and constitutes unlawful age discrimination in violation of the ADEA.

57. As of October 1, 2020, the Borough continued to refuse to permit Deist to return to work, leaving Deist with no choice but to retire from his employment.

WHEREFORE, Plaintiff Glenn Deist requests that this Court enter judgment in his favor and against Defendant Borough of Northampton Pennsylvania, also known as Borough of Northampton, and that this Court enter a declaratory judgment that Defendant's actions

complained of herein, violate and continue to violate the enactments of the federal legislature, award Plaintiff equitable relief in the form of reinstatement, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which he has been denied, including back pay, front pay, pre-judgment interest, liquidated damages as defined by the Age Discrimination in Employment Act, reasonable attorneys' fees, expert witness fees, costs, and any other relief, which the court deems appropriate.

/S/ Andrew S. Abramson, Esq.
_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Attorney for Plaintiff Glenn Deist

Dated:  January 25, 2021