IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

GLENN DEIST

        Plaintiff,

v.                                                                                      No. 21-cv-00329-EGS

BOROUGH OF NORTHAMPTON PENNSYLVANIA,
also known as, BOROUGH OF NORTHAMPTON                JURY TRIAL DEMANDED

        Defendant.

_____

### THIRD AMENDED COMPLAINT

Plaintiff Glenn Deist files this Third Amended Complaint against Defendant Borough of

Northampton Pennsylvania, also known as, Borough of Northampton, and in support thereof

avers as follows:

### Jurisdiction and Venue

1.      The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court

has original jurisdiction of Counts I,  II, and III of this Complaint, which are based upon laws of

the United States of America, the Age Discrimination in Employment Act, 29 U.S.C. §621

("ADEA"); the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA

Amendments Act of 2008 ("ADA"); and the Rehabilitation Act of 1973, 29 U.S.C. §791 *et seq*.

("Rehab Act").  This Court has supplemental jurisdiction pursuant to 28 U. S. C. §1367 over

Counts IV and V, which are based upon a law of the Commonwealth of Pennsylvania, the

Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951.

2.      Plaintiff requests a trial by jury of the claims raised herein.

3.      Venue is appropriate in this Court pursuant to 28 U.S. C. §1392(b) in that

Defendant resides in this District and has ongoing business operations in this District, and

Plaintiff resides and worked within this District, and the events giving rise to the claim occurred in this District.

4.     The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

5.     Plaintiff has complied with the applicable administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC"), on April 10, 2020, EEOC Charge no. 530-2020-03633; and simultaneously dual filing a Complaint with the Pennsylvania Human Relations Commission ("PHRC") (Case number unknown); and thereafter, following the constructive discharge of Plaintiff's employment, filing EEOC Charge no. 530-2021-01429; and simultaneously dual filing a Complaint with the PHRC.

6.     On January 5, 2021, the EEOC notified Plaintiff that it administratively closed Plaintiff's ADEA claim outlined in EEOC Charge no. 530-2020-03633. On January 15, 2021, the EEOC notified Plaintiff that it administratively closed Plaintiff's ADEA claim outlined in EEOC Charge no. 530-2021-01429.

7.     On January 25, 2021, Plaintiff filed this action alleging violations of the ADEA.

8.     Defendant executed a Waiver of Summons following its receipt of the Complaint; Defendant's responsive pleading to the Complaint is not yet due.

9.     On February 19, 2021, the United States Department of Justice ("DOJ") issued Notices of Right to Sue pertaining to Plaintiff's ADA claims.

10.     Thereafter, Defendant consented to the filing of Plaintiff's First Amended Complaint, asserting violations of the ADA, which was filed on March 2, 2021.

11.      On April 12, 2021, the court approved the parties joint stipulation and permitted Plaintiff to file a Second Amended Complaint adding Count III which asserts a cause of action under the Rehab Act.

12.    As more than one year has passed since the dual filing of Plaintiff's Complaint with the Pennsylvania Human Relations Commission ("PHRC"), Plaintiff's Third Amended Complaint to asserts causes of action under the PHRA for age discrimination (Count IV), and disability discrimination (Count V.

### Parties

13.    Plaintiff Glenn Deist ("Deist") resides at 678 South Cottonwood Road, Walnutport, PA 18088 (Northampton County).

14.    Defendant Borough of Northampton Pennsylvania, also known as Borough of Northampton ("the Borough"), is a borough located in Northampton County in the Commonwealth of Pennsylvania, which maintains a principal place of business at 1401 Laubach Avenue, Northampton, PA 18067.

15.    At times, the Borough has received funds from the United States of America federal government.

16.    At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, in the course of their employment, and under the direct control of Defendant.

### Factual Background

17.    Deist is a 68-year-old male.

18.    Deist was employed by the Borough's police department for over 32 years.

19.    Deist was last employed as a Detective, earning an annual salary of $77,416.00, plus employment benefits, including employer-paid medical insurance coverage for himself and his spouse, as well as a pension based on the highest paid three years of annual salary.

20.    The Borough employs 45-50 employees.

21.     The Borough police department has approximately twelve (12) full time officers and five (5) part time officers.

22.     On or about March 2010, Deist was appointed Detective.

23.     From on or about March 2010 to December 31, 2017, Deist's duties did not require Deist to work on the road one (1) day per week.

24.     On September 22, 2017, Bryan Kadingo ("Kadingo") was appointed as the Borough's Chief of Police.

25.     Effective, January 3, 2018, shortly after becoming Chief of Police, Kadingo changed Deist's duties, requiring Deist to be on the road one (1) day per week.

26.     Kadingo's intent in changing Deist's duties to include being on the road one day per week was to attempt to start pushing Deist to retire and replace Deist with a younger employee.

27.     Following January 3, 2018, Deist's work duties were strictly limited to Detective duties during four (4) out of five (5) days of his typical work week.

28.     In performing detective duties, Deist rarely had to lift more than 20 pounds.

29.     One (1) day per week, in addition to Detective duties, Deist had backup patrol officer responsibilities, which on occasion, could require him to lift more than 20 pounds.

30.     Deist has a history of back issues that originally required surgery in 2001, and a spinal stenosis procedure in 2015.

31.     In 2019, Deist's back condition deteriorated, which caused Deist to take a medical leave from work, commencing August 30, 2019, and thereafter, back surgery on September 14, 2019.

32.     As a consequence of the recuperative period from the back surgery, Deist was hospitalized for three (3) nights.

33.     Deist then commenced a physical therapy regimen that required Deist to take a medical leave of absence from work.

34.     On or about January 22, 2020, after a follow-up appointment with his surgeon, Deist informed Kadingo that he would most probably be returning to work with restrictions, and Kadingo, replied,  "Not gonna happen. You must come back with no restrictions."

35.     On March 4, 2020, Deist had a physical examination performed by his surgeon, who determined that as of March 9, 2020, Deist could return to work on a light duty basis with a maximum lifting restriction of 20 pounds.

36.     A Physician's Report of Return to Work, outlining the light duty restriction was presented to Leroy Brobst ("Brobst"), Borough Manager; and Police Chief Kadingo.

37.     When presented with the Physician's Report of Return to Work requesting a reasonable accommodation for light duty, Borough Manager Brobst suggested to Deist that he should retire.

38.     When presented with the Physician's Report of Return to Work requesting a reasonable accommodation for light duty, the Borough failed to engage in any interactive process regarding the request.

39.     The Borough refused to permit Deist to return to work with the light duty restriction.

40.     The refusal to provide the reasonable accommodation of light duty work has caused Deist substantial damages.

41.     As of April 1, 2020, Deist lost paid medical coverage for himself and his wife under the Borough's agreement with the police union.

42.     While Deist could have been working full-time as of March 9, 2020, and earning his full salary, Deist was left with no choice but to receive disability pay equal to two-thirds (66.67 %) pay for the six (6) month beginning April 1, 2020 through September 30, 2020.

43.     As of October 1, 2020, Deist was not able to receive any disability pay.

44.     As the Borough refused to accommodate Deist and he was no longer entitled to disability pay, as of October 1, 2020, Deist had to retire from the Borough.

45.     When Deist commenced leave as of September 5, 2019, Chief of Police Kadingo appointed Joe Kicska ("Kicska") (approximate age: 55), who was formerly as patrolman to Detective to temporarily assume Deist's duties as detective.

46.     Following the termination of Deist's employment Deist was replaced as Detective on a permanent basis by Kicska, who is substantially younger than Deist.

47.     Detective Kicska is not required to work on the road and has solely been assigned detective work.

48.     The Borough has adopted a policy by which generally, police officers are required to wear safety vests that exceed 20 pounds.

49.     During the past two (2) years or more, the Borough has permitted Ryan Grube, a patrol officer (approximate age: 36), not to wear his safety vest, due to a medical condition, as a reasonable accommodation.

50.     In September 2020, the Borough hired two (2) new police officers, Brandon Reph (approximate age 30) and Emanuel Torres (approximate age: 29).

51.     The Borough's actions toward Deist were taken to force Deist to be left with no choice but to retire from his employment with the Borough and replace him with a substantially younger employee.

52.     The Borough has discriminated against Deist based on his age, in that the Borough has provided the same reasonable accommodation that Deist requested to a similarly situated patrol officer in the police department, Ryan Grube, who is substantially younger than Deist.

53.     The Borough has also discriminated against Deist based on his age, by replacing Deist as Detective with Kicska, and hiring a younger police officer to assume Kicska's former duties.

54.     The Borough has also engaged in an orchestrated plan to discriminate against Deist based upon his disability and retaliated against Deist for requesting a reasonable accommodation.

55.     The Borough's proffered reasons for its treatment of Deist are pretextual; as the Borough had discriminatory motives based upon Deist's age, health, a perception that Deist is permanently disabled, and his request for a reasonable accommodation.

56.     The Borough's actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

57.     Deist has incurred substantial damages due to the Borough's termination of his employment.

## COUNT I

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

### 29 U. S. C. § 621 et. seq.

58.     Paragraphs 1 to 57 are incorporated herein by reference, as if set forth in full.

59.     The Borough has treated Deist differently than a substantially younger employee and employed a substantially younger employee to perform Deist's duties, thereby discriminating against Deist based upon his age in violation of the ADEA.

60.     The Borough's actions towards Deist were arbitrary and capricious, and based on a discriminatory animus towards older employees in the workplace.

61.     The Borough's actions are per se unlawful and constitutes age discrimination in violation of the ADEA.

62.     As of October 1, 2020, the Borough continued to refuse to permit Deist to return to work, leaving Deist with no choice but to retire from his employment.

WHEREFORE, Plaintiff Glenn Deist requests that this Court enter judgment in his favor and against Defendant Borough of Northampton Pennsylvania, also known as Borough of Northampton, and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate and continue to violate the enactments of the federal legislature, award Plaintiff equitable relief in the form of reinstatement, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which he has been denied, including back pay, front pay, pre-judgment interest, liquidated damages as defined by the Age Discrimination in Employment Act, reasonable attorneys' fees, expert witness fees, costs, and any other relief, which the court deems appropriate.

## COUNT II

**VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008**

**42 U. S. C. §12101, et. seq**.

63.　Paragraphs 1 to 62 are incorporated herein as if set forth in full.

64.　Deist has a disability under the ADA in the form of a physical impairment that substantially limits one or more major life activities as compared to the average person or most people in the general population.

65.　Deist is/was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations by the employer.

66.　The Borough was aware of Plaintiff Deist's disability.

67.　Plaintiff Deist had a record of impairment.

68.　Plaintiff was regarded as having such impairment.

69.　The Borough  refused to provide Deist proposed reasonable accommodations to the known physical limitations of Deist, an otherwise qualified individual with a disability.

70.　The Borough did not make a good faith effort to engage in the interactive process with Deist during which the employer and employee identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome them.

71.　The Borough could have reasonably accommodated Deist.

72.　The Borough treated Deist differently than other similarly situated individuals who are, or were not disabled, or whom the Borough did not regard as disabled.

73.　Deist suffered adverse employment actions as a result of the Borough's discrimination based upon a known disability.

74.     As of October 1, 2020, the Borough continued to refuse to permit Deist to return to work, leaving Deist with no choice but to retire from his employment.

WHEREFORE, Plaintiff Glenn Deist requests that this Court enter judgment in his favor and against Defendant Borough of Northampton Pennsylvania, also known as Borough of Northampton, and that this Court, award Plaintiff all damages available under the Americans with Disabilities Act, as amended, including monetary damages exceeding $150,000.00, compensatory damages,
reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT III

## VIOLATIONS OF THE REHABILITATION ACT OF 1973

29 U. S. C. §791 *et seq*.

75.     Paragraphs 1 to 74 are incorporated herein as if set forth in full.

76.     Because the Borough is a recipient of Federal funds, the Borough is subject to the provisions of the Rehabilitation Act pursuant to 29 U.S.C. § 794(b)(1).

77.     Deist has a disability under the Rehab Act in the form of a physical impairment that substantially limits one or more major life activities as compared to the average person or most people in the general population.

78.     Deist is/was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations by the employer.

79.     The Borough was aware of Deist's disability.

80.     Deist had a record of impairment.

81.     Deist was regarded as having such impairment.

82.     The Borough refused to provide Deist proposed reasonable accommodations to the known physical limitations of Deist, an otherwise qualified individual with a disability.

83.     The Borough did not make a good faith effort to engage in the interactive process with Deist during which the employer and employee identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome them.

84.     The Borough could have reasonably accommodated Deist.

85.     The Borough treated Deist differently than other similarly situated individuals who are, or were not disabled, or whom the Borough did not regard as disabled.

86.     Deist suffered adverse employment actions as a result of the Borough's discrimination based upon a known disability.

87.     As of October 1, 2020, the Borough continued to refuse to permit Deist to return to work, leaving Deist with no choice but to retire from his employment.

WHEREFORE, Plaintiff Glenn Deist requests that this Court enter judgment in his favor and against Defendant Borough of Northampton Pennsylvania, also known as Borough of Northampton, and that this Court, award Plaintiff all damages available under the Rehabilitation Act, including monetary damages exceeding $150,000.00, compensatory damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT IV

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT –

## AGE DISCRIMINATION

### 43 P.S. §951, et seq.

88.     Paragraphs 1 to 87 are incorporated herein by reference, as if set forth in full.

89.     The Borough has treated Deist differently than a substantially younger employee and employed a substantially younger employee to perform Deist's duties, thereby discriminating against Deist based upon his age in violation of the PHRA.

90.     The Borough's actions towards Deist were arbitrary and capricious, and based on a discriminatory animus towards older employees in the workplace.

91.     The Borough's actions are per se unlawful and constitutes age discrimination in violation of the PHRA.

92.     As of October 1, 2020, the Borough continued to refuse to permit Deist to return to work, leaving Deist with no choice but to retire from his employment.

WHEREFORE, Plaintiff Glenn Deist requests that this Court enter judgment in his favor and against Defendant Borough of Northampton Pennsylvania, also known as Borough of Northampton, and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate and continue to violate the Pennsylvania Human Relations Act, as amended, and award Plaintiff equitable relief in the form of reinstatement, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which he has been denied, including back pay, front pay, pre-judgment interest, compensatory damages, reasonable attorneys' fees, expert witness fees, costs, and any other relief, which the court deems appropriate.

## COUNT VI

**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT –**

**DISABILITY DISCRIMINATION**

**43 P.S. §951, et seq.**

93.     Paragraphs 1 to 92 are incorporated herein as if set forth in full.

94.     Deist has a disability under the PHRA in the form of a physical impairment that substantially limits one or more major life activities as compared to the average person or most people in the general population.

95.     Deist is/was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations by the employer.

96.     The Borough was aware of Plaintiff Deist's disability.

97.     Plaintiff Deist had a record of impairment.

98.     Plaintiff was regarded as having such impairment.

99.     The Borough  refused to provide Deist proposed reasonable accommodations to the known physical limitations of Deist, an otherwise qualified individual with a disability.

100.    The Borough did not make a good faith effort to engage in the interactive process with Deist during which the employer and employee identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome them.

101.    The Borough could have reasonably accommodated Deist.

102.    The Borough treated Deist differently than other similarly situated individuals who are, or were not disabled, or whom the Borough did not regard as disabled.

103.    Deist suffered adverse employment actions as a result of the Borough's discrimination based upon a known disability.

104.    As of October 1, 2020, the Borough continued to refuse to permit Deist to return to work, leaving Deist with no choice but to retire from his employment.

WHEREFORE, Plaintiff Glenn Deist requests that this Court enter judgment in his favor and against Defendant Borough of Northampton Pennsylvania, also known as Borough of Northampton, and that this Court award Plaintiff all damages available under the Pennsylvania Human Relations Act, as amended, including monetary damages exceeding $150,000.00, compensatory damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

/S/ Andrew S. Abramson, Esq.
_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Attorney for Plaintiff Glenn Deist

Dated: November 4, 2021

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 4th day of November, 2021, a true and correct copy of the

foregoing was served upon the below listed counsel via the ECF filing system:

        Steven E. Hoffman, Esq.
           Email: shoffman@hhe-law.com
        Hoffman Hlavac & Easterly
        1605 North Cedar Crest Blvd., Suite 517
        Allentown, PA 18104

                            /S/ Andrew S. Abramson, Esq.
                          _____
                            Andrew S. Abramson, Esq.